**UNITED STATES ex rel. SACLARIDES et al v. SHAUGHNESSY.**

No. 171, Docket 21565.

United States Court of Appeals Second Circuit.

Argued Feb. 3, 1950.

Decided Feb. 20, 1950.

688

· George Moerman, New York City, for appellees.

Irving H. Saypol, United States Attorney, New York City, William J. Sexton, Assistant United States Attorney, New York City, Louis Steinberg, District Counsel, Immigration and Naturalization Service, New York City, Lester Friedman, Attorney, Immigration and Naturalization Service, New York City, of counsel, for respondent-appellant.

Before L. HAND, SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

A thirteen year old Greek girl, Eleni Saclarides, arrived at the Port of New York on February 5, 1947 accompanied by her father and mother. All were aliens, being native citizens of Greece. They were given a hearing on their applications for admission by a Board of Special Inquiry. A certificate by the examining officers of the United States Public Health Service

showed that Eleni was afflicted with a mental deficiency known as mongolism. She was excluded under section 3(d) of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 136(d), and her mother was excluded under section 18 of the same Act, 8 U.S.C.A. § 154, as an alien accompanying an alien who was rejected for a mental defect and required protection or guardianship.

The exclusion of Eleni was based solely upon the medical certificate. The Board of Immigration Appeals affirmed in an appeal by her mother and then the petition for this writ of habeas corpus was granted. The judge, being of the opinion that the relators were entitled at a hearing, before the Board of Special Inquiry, to cross-examine the medical officers who made the certificate and to call a doctor to testify in their behalf, was disposed to dismiss the writ upon condition that this opportunity be made available to them but, upon being informed that the condition would not be met, sustained the writ and this appeal followed.

▪ In United States ex rel. Johnson v. Watkins, 2 Cir., 170 F.2d 1009, we held that under section 17 of the Immigration Act of 1917, 8 U.S.C.A. § 153, the only evidence of mental defect upon which a Board of Special Inquiry could act was a medical certificate lawfully issued under section 16, 8 U.S.C.A. § 152. Though that decision was reversed upon other grounds, the Supreme Court expressly agreed as to the conclusiveness of the medical certificate in the hearing before the Board of Special Inquiry. United States ex rel. Johnson v. Shaughnessy, 336 U.S. 806, 809, 69 S.Ct. 921. Nor was there any lack of necessary particularity in the contents of the certificate.· It showed that the alien was suffering from the mental affliction, mongolism. That brought the girl within the provisions of the statute under which she was excluded and the suggestion that it did not because the word "deficiency" rather than the statutory word "defective" was used in the certificate requires no comment.

▪ The attack upon the fairness of the hearing before the Board because it did not

point out that the medical examiners had to meet statutory qualifications is equally fruitless. Though their qualifications as prescribed do not expressly include two years' experience in the practice of their profession as the relators appear to believe, due to the amendment of section 16 of the Act on July 1, 1944, 58 Stat. 716, that section has always provided that those medical officers who have had "especial training" in the diagnosis of mental defects "shall be detailed for duty or employed at all ports of entry designated by the Attorney General." There is, however, nothing in this record to show that the medical examiners were not so qualified and, absent that, they as public officials will be presumed to have had the power to do the official acts they performed. Erhardt v. Ballin, 2 Cir., 150 F. 529; United State ex rel. Petach v. Phelps, 2 Cir., 40 F.2d 500; Stone ex rel. Colonna v. Tillinghast, 1 Cir., 32 F.2d 447.

Finally, it is argued that the hearing before the Board had to be conducted in accordance with the provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. More specifically, the argument seems to be that the provisions of section 7 of the Act, 5 U.S.C.A. § 1006, requiring the agency itself, one of its members or one of the examiners appointed as provided in section 11, 5 U.S.C.A. § 1010, to preside at the taking of evidence, and permitting parties to present rebuttal evidence and to cross-examine, are applicable in such a hearing as this. However, section 7 expressly provides that " * * * nothing in this Act shall be deemed to supersede the conduct of specified classes of proceedings in whole or in part by or before boards or other officers specially provided for by or designated pursuant to statute." We think this provision takes exclusion proceedings out of the requirements as to hearings imposed by the Act, boards of special inquiry being specially provided for by Section 17 of the Immigration Act of 1917, 8 U.S.C.A. § 153, to determine "all cases of immigrants detained at [the various ports of arrival] under the provisions of the law."

Judgment reversed and writ dismissed.