## WAH v. SHAUGHNESSY.

No. 261, Docket 21997.

United States Court of Appeals, Second Circuit.

Argued June 5, 1951.

Decided June 26, 1951.

William B. Cherevas, New York City, for plaintiff-appellant.

Irving H. Saypol, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant-appellee, William J. Sexton, Asst. U. S. Atty., Louis Steinberg, Dist. Counsel, U. S. Dept. of Justice, Immigration & Naturalization Service, and Lester Friedman, Atty., U. S. Dept. of Justice, Immigration & Naturalization Service, New York City, of counsel.

Before CHASE, CLARK and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a native of China who entered this country as a seaman in November, 1921, and overstayed his leave by remaining here until July, 1947. He then obtained a United States passport by fraudulently representing that he was a native American and returned to China. Early in 1948 he sought to re-enter the United States at the Port of San Francisco as an American citizen and when it was shown that his passport was invalid he was excluded by a Board of Special Inquiry and his exclusion was administratively affirmed on appeal.

Pending these administrative proceedings he was released on bond and went to New York. When his exclusion was affirmed as above, he was taken into custody for return to China. He then obtained a writ of habeas corpus which he withdrew when given an additional thirty days on parole under bond to wind up his business affairs. Just before this parole expired, he brought this suit against the District Director of the Immigration and Naturalization Service at the Port of New York to obtain a judgment declaring that his exclusion was unlawful because his hearing was not in compliance with the provisions of the Administrative Procedure Act. 5 U.S.C.A. §§ 1009, 1010, 1011. A motion to dismiss the complaint for failure to state a cause of action was granted and this appeal followed.

His American passport being invalid, the appellant was not aided by the fact that he was actually returning here from a visit to China. To come back into this country he had to make a new entry. United States ex rel. Siegel v. Reimer, D.C. S.D.N.Y., 23 F.Supp. 643, affirmed United States ex rel. Fisk v. Reimer, 2 Cir., 97 F.2d 1020. He was unable to show a right to such entry and could not seek admission within the discretion of the Attorney General under 8 U.S.C.A. § 136(p) since he had never previously been lawfully admitted to the United States for permanent residence. Gabriel v. Johnson, 1 Cir., 29 F.2d 347. Cf. Madokoro v. Del Guercio, 9 Cir., 160 F.2d 164, certiorari denied 332 U.S. 764, 68 S.Ct. 68, 92 L.Ed. 349.

Nor was he deprived of any rights because the Board of Special Inquiry was not constituted pursuant to the provisions of the Administrative Procedure Act. United States ex rel. Saclarides v. Shaughnessy, 2 Cir., 180 F.2d 687. Cf. United States ex rel. Harisiades v. Shaughnessy, 2 Cir., 187 F.2d 137, 140.

Finally, the appellant has no valid objection under 8 U.S.C.A. § 156, as amended by Sec. 23 of the Internal Security Act of 1950, to his being returned to the port from which he left China. That statute does not apply to exclusion cases.

Since the dismissal of the complaint was without error for the reasons above, we do not stop to consider whether it might also be sustained on other grounds advanced by the appellee.

Affirmed.