**UNITED STATES ex rel. CATALANO v. SHAUGHNESSY, District Director of Immigration & Naturalization for District of New York.**

No. 260, Docket 22374.

United States Court of Appeals Second Circuit.

Argued May 5, 1952.

Decided May 27, 1952.

the administrative record submitted with the return. As no traverse was filed and no evidence offered to contradict the allegations of the return, they must be accepted as true. 28 U.S.C.A. § 2248. From the facts recited in the return it is clear beyond question that the relator is deportable. He is an alien of Italian citizenship who first entered the United States in 1930 as a deserting seaman and was deported in 1932. In December 1948 he again arrived as a seaman, obtained shore leave by failing to disclose his prior deportation, 8 U.S.C.A. § 180(c), and again deserted his ship with the intention of remaining here permanently. In September 1950 a warrant for his arrest for deportation was issued, charging that he had entered as an immigrant without possessing a valid immigration visa. Thereafter he pleaded guilty to a criminal charge of violating 8 U.S.C.A. § 180(a) and was sentenced to three months imprisonment. Before the sentence expired a deportation hearing was held at the Federal Correctional Institution where he was confined, on the charge stated in the warrant of arrest. During the hearing an additional charge was lodged—that of re-entering without permission after a previous deportation. At the conclusion of the hearing the hearing officer on the basis of both charges ordered the relator deported, the Assistant Commissioner of Immigration and Naturalization reviewed the record and sustained this conclusion, and the Board of Immigration Appeals dismissed his appeal. The present writ which was issued on the eve of relator's scheduled departure attacks the fairness of the administrative hearing on several grounds, the first of which is the lodging of the additional charge without notifying the relator or giving him an opportunity to prepare a defense. The district court dismissed the writ after hearing oral argument and this appeal followed.

Nathan Elkin, Brooklyn, N. Y., for appellant, George H. Hamilton, of counsel.

Myles J. Lane, U. S. Atty., New York City, for appellee; William J. Sexton, Asst. U. S. Atty., and Lester Friedman, Atty., Immigration and Naturalization Service, New York City, of counsel.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

PER CURIAM.

This case is before us upon the petition for the writ, the return thereto and

We find relator's asserted grounds of unfairness wholly unsupportable. Section 151.2(d), 8 C.F.R., authorizes a hearing officer to lodge additional charges against an alien, as was done here. He was asked whether he desired any time in which to prepare a defense against this new

charge. He was represented by competent counsel who was admitted to practice before the Department and Board of Immigration Appeals, and his attorney replied that he did not need additional time. This procedure was eminently fair. Relator's other contentions are equally without merit. The combination of hearing and investigating functions in one person in deportation proceedings is not a denial of due process.[1] Nor has any showing been made that the interpreter was not qualified or did not perform her duties competently. As against relator's bald assertions there is the untraversed return which states the interpreter was qualified, and the fact that neither relator nor his attorney objected at any time during the proceedings. Lastly, the failure to warn relator that his statements at the hearing might be used against him did not violate due process. We have been directed to no statutory or regulatory requirement that such a warning should be given.[2] In its absence the Supreme Court has indicated no such duty exists.[3] Even assuming there was error in failing to give the warning the error was not such as to lead to a denial of justice.[4] Apparently the only statements which could have injured relator were those indicating he had entered the country without permission after being once deported. Since he was then serving a sentence based on this very fact to which he had pleaded guilty, a refusal to answer at the hearing after warning would not have affected the conclusion that he was deportable on this ground as well as on the original charge stated in the warrant of arrest.

The judgment is affirmed and the mandate is to be issued forthwith.

1. United States ex rel. Harisiades v. Shaughnessy, 2 Cir., 187 F.2d 137, 140, affirmed 342 U.S. 580; 72 S.Ct. 512, 8 C.F.R. § 151.2(a) to (d). And relator is not in a position to assert that, independently of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., he was denied due process since no objection was made at the hearing. See Harisiades v. Shaughnessy, 342 U.S. 580, 583, n. 4, 72 S.Ct. 512.

2. There is such a requirement at the investigative stage of the proceedings, 8 C.F.R. § 150.1(c) (2), but relator's statements here were made at the deportation hearing.

3. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 155, 44 S.Ct. 54, 68 L.Ed. 221.

4. See Kwock Jan Fat v. White, 253 U.S. 454, 459, 40 S.Ct. 566, 64 L.Ed. 1010; Bilokumsky v. Tod, 263 U.S. 149, 157, 44 S.Ct. 54, 68 L.Ed. 221.