## ALVES v. SHAUGHNESSY.

United States District Court
S. D. New York.
Sept. 23, 1952.

444

Aaron L. Danzig, New York City, for petitioner.

Myles J. Lane, U. S. Atty. for Southern District of New York, New York City, William J. Sexton, Asst. U. S. Atty., New York City, Lester Friedman, Attorney United States Department of Justice Immigration & Naturalization Service, New York City, of counsel, for respondent.

IRVING R. KAUFMAN, District Judge.

Respondent moves (1) for an order dismissing petitioner's "Petition for Review" of an administrative order; (2) for judgment on the pleadings; and (3) for summary judgment.

The order in question was issued by the Board of Immigration Appeals and dismissed petitioner's appeal thereto from an order of deportation issued by the Commissioner of Immigration and Naturalization on April 9, 1952.

In support of its motions, respondent urges that the writ of habeas corpus is the exclusive judicial remedy available to a petitioner who seeks review of an exclusion or deportation (as here). It does, however, recognize that a form of exception to what is contended to be this absolute rule is an action for declaratory judgment. McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173. In opposition to the motions, petitioner's position is that the form of relief it pursues is permitted by the Administrative Procedure Act, 5 U.S.C.A. § 1009, which provides in part:

> "Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review."

At least two Courts of Appeals in other circuits have found that there are forms other than habeas corpus available to review orders comparable to the instant one. United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 166 F.2d 457, sustained the instant form as appropriate in limited cases. Kristensen v. McGrath, 1949, 86 U.S.App. D.C. 48, 179 F.2d 796, held a declaratory judgment applicable in the facts there. The Supreme Court did not rule on the precise issue here when the Kristensen decision was appealed to it. 1949, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173. The Court of Appeals for this Circuit has not passed on the question but has affirmed on the merits the dismissal of an analogous application. Wah v. Shaughnessy, 2 Cir., 1951, 190 F.2d 488. The transparency of this application leads me to follow a course similar to that in the Wah case, and I shall accordingly base my disposition on the merits.

Upon analysis, it is clear that the instant case involves no genuine issue as to any material fact. The one issue turns on the nature of the hearing discussed *infra*. The legal merit of petitioner's assertion that he was deprived of due process of law is to be tested by the facts adduced at the hearing. Those facts are perfectly clear and consistent. Their content is not contested by either party, nor is there any disagreement that the petitioner did not have counsel at the hearing. Only an issue of law is before the Court and that issue

lies within the four corners of the record of the hearing. This is not the case of "trial by affidavit" warned against in Colby v. Klune, 2 Cir., 1949, 178 F.2d 872. The case is therefore ripe for summary judgment.

The essential issue of law here involves the alien's grievance that he was "deprived" of the right to counsel and was therefore compelled to testify against himself on matters which might tend to incriminate him. As a result, he avers, "The decision and deportation order of the Board of Immigration Appeals was illegal and erroneous in that there is no legal substantial evidence on the record as a whole to support the said decision and order and your petitioner is in imminent danger of being deprived of his liberty without due process of law." [1]

As the record before me indicates, the alien was not represented by counsel at his hearing before the Hearing Officer of the Immigration and Naturalization Service. One adjournment was given him when he requested counsel—but he did not avail himself of counsel when the subsequent hearing was held. At that latter hearing, in which the salient facts were unfolded, the alien was therefore not represented. When asked if he had counsel, he replied "No, I don't have the money." The following colloquy then ensued: [2]

Hearing Officer: "Are you ready to proceed with this hearing at this time without representation by counsel?"

Alien: "Yes."

Thereafter the facts developed indicated that the alien was born in Portugal and first entered this country at New York on January 21, 1950 as a passenger enroute to Venezuela by plane. He was validly admitted here for a stay of ten days and intended to leave for Venezuela within that period. When asked why he did not leave the United States at the expiration of the ten day period, he answered: "Because I liked it here, and I saw that I could make some money." [3] He indicated that he decided to stay and work here after the ten days had passed.

The alien has no record of arrests either here or abroad, and the Immigration authorities find nothing to indicate anything but good moral character. He is married to a native Portugese who resides there with his three children all of whom were also born in Portugal.

He has no close relatives here. In 1945 he went to Venezuela where he resided for four years. Thereafter he returned to Portugal to be with his family. The Hearing Officer informed him of his right to apply for voluntary departure, and he expressed his desire to do so, indicating he would go to Venezuela if his application were granted. He further indicated he would go whenever the authorities told him.

The alien testified that he has been admitted to Venezuela to reside there permanently and that he would be able to get a permit to enter Venezuela. He stated he owned $100 or $200 and a car which was paid for ($360) and which he possessed for a month prior to the hearing. In addition, he stated he held a fully paid plane ticket to Venezuela which he was told had not expired. He then volunteered the further information that even if the ticket had expired, he would pay for his passage. He would be willing to return to Portugal at his own expense if he could not enter Venezuela.

On the basis of the hearing (as to which I believe the above is a full and fair summary) the alien was granted voluntary departure, and he was unquestionably subject to deportation under the provisions of 8 U.S.C.A. §§ 214, 215.

These facts set out an unambiguously clear case in which "failure to have counsel, if error, like other errors, may not be prejudicial." Madokoro v. Del Guercio, 9 Cir., 1947, 160 F.2d 164, 167, certiorari denied, 1947, 332 U.S. 764, 68 S.Ct. 68, 92 L.Ed. 349. See also Bilokumsky v. Tod, 1923, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed.

1. Par. 11, "Petition for Review".

2. P. 5, Transcript of hearing held July 13, 1951.

3. Ibid., p. 6.

221. Indeed, the petitioner was present when the Hearing Officer dictated his findings and conclusions and thereafter the following colloquy ensued:[4]

"Hearing Officer: Q. Did you understand the decision that has been made in your case?

"Alien: A. Yes.

"Hearing Officer: Q. If you desire to take exceptions to my decision, the record in this case will be forwarded to the Commissioner of Immigration and Naturalization in Washington, D. C., for review of my decision. If you do not desire to take exceptions, the decision is final. What is your desire?

"Alien: A. I do not desire to take exceptions."

The record indicates petitioner is a person possessed of intelligence and apparently perfectly willing and able to depart from this country voluntarily.

■ The theory on which prejudice is alleged is that because he was "deprived" of counsel, the alien was subject to self-incrimination. There is not a shred of evidence here to support that allegation. The crime to which his testimony allegedly might have led to incrimination is set out at 8 U.S.C.A. § 180a:

"Any alien who after March 4, 1929, enters the United States at any time or place other than as designated by immigration officials or eludes examination or inspection by immigration officials, or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall be guilty of a misdemeanor and, upon conviction, shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000, or by both such fine and imprisonment."

The alien was legally in this country, but his counsel claims that by his "eluding" examination or inspection by the immigration authorities the alien falls within the purview of the statute. There is nothing in the record before me to suggest, even remotely, that the alien was in any way eluding authorities or that his testimony might tend to so indicate. These facts yield nothing but a simple, clear-cut case of an alien who overstayed his valid sojourn here and who expressed a willingness and ability to leave at any time when so informed by the authorities. His testimony neither states nor foreshadows elusiveness or anything else conceivably smacking of crime and the claim of his possible self-incrimination because of the absence of counsel to represent him at the hearing is totally devoid of substance.

Respondent's motion for summary judgment is granted. Settle order.