### BELIZARO v. ZIMMERMAN.

### DELGADO v. ZIMMERMAN.

Nos. 10847, 10848.

United States Court of Appeals Third Circuit.

Argued Nov. 4, 1952.

Decided Dec. 8, 1952.

Rehearings Denied Jan. 19, 1953.

J. J. Kilimnik, Philadelphia, Pa., for appellant.

Alfred L. Luongo, Asst. U. S. Atty., Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., William B. Taffet, Dist. Counsel, Immigration and Naturalization Service, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

There are two points raised in these appeals from judgments from the Eastern District of Pennsylvania dismissing petitions for review brought by Delgado and Belizaro respectively.

■ The first point is the jurisdiction of the court to entertain review proceedings upon an order of deportation when only the

---

district officer and not the Commissioner of Immigration and Naturalization is before the court by personal service. This problem was raised and settled in Paolo v. Garfinkel, 3 Cir., 200 F.2d 280.

▆ The other point raised by the appellant is the constitutionality of the provision in the Supplemental Appropriations Act of 1951, 8 U.S.C. § 155a, which exempts deportation proceedings from the requirements of Sections 5, 7 and 8 of the Administrative Procedure Act.[1]

Appellant says that this violates due process because it eliminates the requirements separating the function of the investigating, hearing and enforcement branches of an agency, so far as exclusion and expulsion of an alien is concerned.

Previous to the statute just mentioned the courts had held that the review system set up in the Administrative Procedure Act applied to deportation proceedings. Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616. Thereafter the Commissioner of Immigration and Naturalization sought additional appropriations from the Congress to cover the expense of the additional examiners necessary to comply with the provisions of the Administrative Procedure Act and the judicial application of it to deportation procedure.[2] Congress, however, eliminated deportation proceedings from the requirements of the Act.

Is it unconstitutional to allow the same officer to be an investigating and a hearing official? Desirable or not, such had been the case in many instances up to the time of the Administrative Procedure Act. It may well be that the elimination of these proceedings from the Act is undesirable. But it can hardly be thought to be unconstitutional, for it was a system with which the country lived for a very long time before the changes brought about by the Administrative Procedure Act were adopted. It may be assumed that due process requires notice and opportunity to be heard.[3] The petitioner has had this. Furthermore, classifying is constitutional if reasonable. No one could successfully contend at this date that for many purposes aliens may be classified and treated in a manner different from citizens. We think it clear, and other courts have agreed with us,[4] that the Con-

---

1. Public Law 843, 81st Congress, Second Session, Sept. 27, 1950, 64 Stat. 1048. "Proceedings under law relating to the exclusion or expulsion of aliens shall hereafter be without regard to the provisions of Sections 1004, 1006, and 1007 of Title 5."

2. See 96 Cong.Rec. 13504–13505, 13546–13550 (81st Cong., 2d Sess., 1950). "Mr. Rooney * * * We were not asked by the Immigration and Naturalization Service to insert this language. [They] asked us for $3,980,000, and this language is the answer to that request * * * "* * * The testimony we received was that as a result of the Supreme Court decision it may well require from twenty-five to thirty million dollars to enforce that decision and give aliens the benefit of the Administrative Procedure Act." (p. 13547). "* * * The enactment by Congress of legislation which would exempt deporation proceedings from the requirements of sections 5, 7, and 8 of the Administrative Procedure Act would in no way result in denial of a fair hearing to an alien charged in a deportation process. * * * [Deportation Proceedings] would be governed by regulations which would retain sufficient flexibility to meet changing conditions and, in the language of The Japanese Immigrant Case, would 'secure the prompt vigorous action contemplated by Congress, and at the same time be appropriate to the nature of the case upon which such officers are required to act' * * * " (p. 13548).

3. The Japanese Immigrant Case (Kaoru Yamataya v. Fisher), 1903, 189 U.S. 86, 100–102, 23 S.Ct. 611, 47 L.Ed. 721; United States ex rel. Vajtauer v. Commissioner of Immigration, 1927, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560; United States ex rel. Tisi v. Tod, 1924, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590.

4. Barber v. Yanish, 9 Cir., 1952, 196 F.2d 53; United States ex rel. Catalano v. Shaughnessy, 2 Cir., 1952, 197 F.2d 65. Government counsel informs us that the Fifth Circuit concurs in this result, in an amended opinion in United States ex rel. Steffner v. Carmichael, presently reported 183 F.2d 19, which is not yet available. Language of the Supreme Court imports its agreement. See Harisiades v. Shaughnessy, 1952, 342 U.S. 580, 583 note 4, 72 S.Ct. 512; United States v. Spector, 1952, 343 U.S. 169, 178 note 6, 72 S.Ct. 591.

gressional action taking deportation proceedings out of the Administrative Procedure Act is constitutional. If they should be back in again, the remedy lies with Congress.

The decision of the district court in each of these cases will be affirmed.