**In the Matter of the Petition for Review of Mampril Sequeira PEDREIRO, Petitioner,**

**v.**

**Edward J. SHAUGHNESSY, District Director of Immigration and Naturalization Service for the District of New York, Respondent.**

United States District Court
S. D. New York.
July 28, 1955.

**42**

Nemeroff, Jelline, Danzig & Paley, New York City, for petitioner. Aaron L. Danzig, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for respondent. Eliot H. Lumbard, and Lester Friedman, New York City, of counsel.

BICKS, District Judge.

Respondent has moved to dismiss the complaint pursuant to Rule 12(b) Federal Rules of Civil Procedure, 28 U.S.C.A., for failure to state a claim upon which relief may be granted and for summary judgment upon the merits.

It appears that petitioner is an alien, a citizen and native of Portugal who had entered the United States in 1947 illegally as a seaman. Deportation proceedings were instituted against him which culminated in a final order of deportation. A writ of habeas corpus sued out by petitioner in 1948 was withdrawn and the petitioner was deported.

On December 19, 1949 petitioner returned to the United States surreptitiously as a stowaway without an immigrant visa and landed by eluding examination and inspection by immigration officials. He was apprehended on or about February 16, 1950 and deportation proceedings were again instituted. He was taken into custody on a warrant of arrest containing four separate charges, viz.:

(1) that petitioner was an immigrant at the time of entry, not in possession of a valid immigration visa as required by law;

(2) that he was a stowaway at the time of entry;

(3) that he entered in violation of law for having returned after deportation without permission of the Attorney General; and

(4) that he entered without inspection.

On the day of his arrest petitioner made a written statement under oath before an immigration officer admitting each of the charges. An official interpreter was present at the taking of the statement and petitioner cannot successfully assert that he did not clearly understand the purport and import of each of the charges which he admitted. Then started what to date has been a successful delaying game. By every dilatory tactic

cunning counsel could contrive a once deported alien who confessedly reentered in violation of law has been enabled to remain in the country for more than 5 years after apprehension.

A hearing was held on December 4, 1951 at which petitioner was represented by counsel—the same counsel who has acted for him in all the subsequent proceedings including the suit in which the instant motion is made. At said hearing petitioner admitted that he is the person named in the warrant of arrest herein. Each of the four charges contained was explained to him and in response to the question with respect to each charge— "Q. Do you understand that?" he answered "yes". He was asked whether he recalled being questioned by an immigration officer on February 16, 1950, whether the signature to the statement in which he admitted each of the charges was his, whether the statement was read to him at the time he signed it, and whether all the statements contained therein were true and correct, and each of these questions he answered in the affirmative. In response to the question "At the time that you arrived on December 19, 1949, why didn't you present yourself to an immigration officer for inspection?" he stated "The reason I did not show myself was because I was afraid to be put in prison." To the last question, as well as to numerous others, counsel noted his objection with the comment "I would like at this point for the witness to be instructed that he need not answer this question or any question, the answer to which may tend to incriminate him." The hearing officer overruled the objection in each instance. Counsel was asked "Do you have any evidence to submit or any reason to offer as to why the respondent should not be deported from the United States." The reply was, "I have nothing to submit at present and I request that Mr. Pedreiro be given voluntary departure and pre-examination without any prejudice to any rights." To a direction to counsel

that he may question the respondent, counsel replied "No questions".

At the conclusion of the hearing the hearing officer rendered an oral decision in which he found that (i) the petitioner had entered the United States at the Port of New York on December 19, 1949, as a stowaway without inspection by an immigration officer; (ii) he came to the United States to reside here permanently and he did not have an immigrant visa; (iii) he never applied for or received permission to apply for readmission to the United States after his deportation; (iv) his last entry was unlawful; (v) he is subject to deportation under the Immigration Act of 1924, the Immigration Act of February 5, 1917, and the Act of March 4, 1929 as amended, on the charges stated in the warrant of arrest; and (vi) that the alien should be deported pursuant to law on the charges stated in the warrant of arrest. The application for voluntary departure and pre-examination was denied because, "In view of the manner of entry into this country and the entire record in this case it is felt his application for discretionary relief does not merit favorable consideration."

Petitioner excepted to this decision and on May 5, 1952, the Assistant Commissioner of Immigration and Naturalization, upon consideration of the entire record, adopted the recommended order of the hearing officer and ordered that the alien be deported. An appeal was taken from said determination to the Board of Immigration Appeals which Board, by decision dated June 24, 1953, ordered the appeal dismissed. In its opinion the Board took occasion to note that counsel had raised the same objection, to wit, the exception to the hearing officer's rulings relating to the petitioner's alleged right against self-incrimination, in other proceedings before the Board and that it had discussed that subject in its decisions in said other cases. Its holdings in the cases were summarized as follows: "We stated in those

cases that where a witness has once given testimony voluntarily it may afterwards be used against him in the same proceedings and he may not then claim the privilege against self-incrimination as to such testimony." In support of its views the Board cited Schoeps v. Carmichael, 9 Cir., 1949, 177 F.2d 391, and United States ex rel. Catalano v. Shaughnessy, 2 Cir., 1952, 197 F. 2d 65, 67. In the Catalano case the Court of Appeals in a per curiam opinion held that "failure to warn relator that his statements at the hearing might be used against him did not violate due process" because he had already pleaded guilty to entering the country without permission after being once deported and, therefore, a refusal to answer at the hearing would not have affected the conclusion that he was deportable. The Board found "that the record in the present case showed that petitioner was deportable—that he had been previously deported from the United States and that he had already admitted entering the country illegally—so the proceedings at the hearings at which counsel has objected lead in no way to a denial of justice." The Board concluded its comments on petitioner's contentions by quoting from Alves v. Shaughnessy, D.C. N.Y.1952, 107 F.Supp. 443, 444, a case in which counsel for the petitioner herein represented the alien: "Upon analysis, it is clear that the instant case involves no genuine issue as to any material fact."

On July 13, 1953 counsel moved for a rehearing before the Board. This application was denied on January 27, 1954 and on February 4, 1954 petitioner moved again, this time for a reopening of the deportation proceedings. The second application was denied February 25, 1954 and on March 15, 1954 the instant suit to review the order of the Board of Immigration Appeals was instituted. The respondent in this proceeding promptly moved for an order of dismissal on the ground of lack of jurisdiction over the subject matter and that the Commissioner of Immigration and Naturalization, an indispensable party to this proceeding, was not made a party thereto. The motion was granted on the ground that there was lack of an indispensable party to this proceeding, namely, the Commissioner of Immigration and Naturalization. Petitioner appealed from that determination and the Court of Appeals reversed the District Court and remanded the action for further proceedings. The Supreme Court granted certiorari. The order of the Court of Appeals was affirmed. In the opinion delivered by Mr. Justice Black he stated "That policy followed here causes us to conclude that the Commissioner of Immigration and Naturalization is not an indispensable party." 349 U.S. 48, 54, 75 S.Ct. 591, 595.

The affidavit submitted on behalf of petitioner on the motion sub judice does not discuss the merits—indeed it is barren of a suggestion that the motion be denied. It appears instead, to be a request that this Court lend its aid to the petitioner's apparent deliberate program of delaying a final adjudication on the merits. In said affidavit petitioner's counsel states: "At the present time an application is being made on behalf of this petitioner before the Immigration and Naturalization Service for purposes which would render moot the present petition." The nature of the application is not disclosed and leaves to surmise whether it has greater merit than the two previously made and denied. The affidavit then continues: "Until petitioner has exhausted his administrative remedies it would be fruitless for him to pursue relief from this Court. Accordingly it is respectfully requested that the instant petition either be held in abeyance while the petitioner exhausts his administrative remedies or alternatively the same be withdrawn." In this posture of the proceeding a determination upon the merits is in effect aborted.

In view of the delay of upwards of five years since the deportation proceedings were initiated and the facts and circumstances in this case the request that the petition be held in abeyance is an affront. Rule 41 F.R.C.P. provides that an action shall not be dismissed at plaintiff's instance after a notice of motion for summary judgment has been served, save upon order of the court and upon such terms and conditions as the court deems proper. It is abundantly clear that said rule and the interests of justice require that petitioner's application to withdraw his petition be granted with prejudice, and it is so ordered.

In view of the foregoing disposition it was not deemed necessary to discuss the merits of the case nor the various contentions raised by petitioner's counsel at the hearing. However, the Court examined the same carefully and concluded that the order of deportation was duly and validly issued and that the contentions of petitioner can best be described as "utterly without merit". Mealha v. Shaughnessy, 2 Cir., 1955, 219 F.2d 600, 602.