Anthony A. ALESI, Appellant,

v.

Gordon L. CORNELL, Officer in Charge, Immigration and Naturalization Service, Los Angeles, California, Appellee.

No. 15550.

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1957.

Herbert J. Beck, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Bruce A. Bevan, Jr., Richard A. Lavine, Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and CLARK, District Judge.

PER CURIAM.

This is an appeal from a denial of a petition for a declaratory judgment and injunctive relief. The action was brought to prevent deportation of petitioner, and to declare defendant's order of deportation invalid for lack of procedural due process.[1]

As plaintiff states, the facts are not in dispute. Plaintiff, subsequent to his entry into this country, was convicted:

(1) on April 23, 1940, in New York, of unlawful possession of narcotic drugs;

(2) on February 6, 1942, in New York, of theft of mail from an authorized depository;

(3) on August 26, 1952, in California, of petty theft (§ 484, California Penal Code);

(4) on December 22, 1952, in California, of petty theft (§ 484, California Penal Code);

(5) on March 13, 1952, in California, of petty theft, two counts (two different dates); (§ 484, California Penal Code); and,

(6) on November 1, 1955, in California, issuing checks without sufficient funds.

Prior to the last arrest and conviction, and while defendant was on probation for petty theft, a warrant of arrest in deportation proceedings was issued, charging conviction of two crimes involving moral turpitude, not arising out of a single scheme of criminal conduct, to wit: theft of mail from an authorized depository, petty theft, and petty theft.[2]

On March 10, 1955, a hearing was had. Plaintiff was present and represented by his attorney. After the government's case was presented, the hearing was adjourned at request of counsel for plaintiff because such counsel had been employed by plaintiff but a few hours before the hearing, although plaintiff had had over two weeks notice of the hearing. At this hearing, while represented by counsel, plaintiff admitted his conviction for mail theft and his two convictions for petty theft. He has never denied the convictions charged against him.

On May 2, 1955, plaintiff and his counsel were notified that the hearing was to be resumed on May 23, 1955. On May 16th, 1955, plaintiff's attorney advised the Immigration and Naturalization Service that he was withdrawing as plaintiff's attorney. He had also advised plaintiff of this fact, and had asked plaintiff "several times" before that date to procure other counsel. Plaintiff failed to appear at the May 23, 1955 hearing, and, in fact, left the state on May 9th, 1955. No appearance was made on his behalf. No testimony was taken at the May 23rd, 1955, hearing.

Defendant was thereafter served personally, while in jail, with notice of a

1. The District Court has jurisdiction under Title 8 U.S.C.A. § 1251(a) (4), § 1329, and Administrative Procedure Act, 5 U.S.C.A. § 1009 et seq. This Court has jurisdiction under Title 28 U.S.C.A. § 1291.

2. 8 U.S.C.A. § 1251(a) (4).

hearing to be had on July 1st, 1955. This notice plaintiff admitted. Plaintiff did not appear, nor did anyone appear on his behalf at the July 1st hearing. The hearing officer found that due and proper notice had been given plaintiff, and that he was deportable.

An appeal was taken to the Board of Appeals of the Immigration Service. A brief was filed and oral argument was heard. The order was affirmed.

■ Plaintiff filed his suit below, and the trial court carefully defined the issues before trial. After trial, at which plaintiff was represented by counsel, the court found that there was reasonable, substantial and probative evidence to support the order of deportation outstanding against plaintiff; that the proceedings were fair, in accordance with law, and did not violate any of plaintiff's constitutional rights; and that the order of deportation was valid and plaintiff was deportable.

■ Administrative hearings need not conform precisely with the rules of judicial proceedings.[3] But were that necessary, plaintiff was given every consideration here. No unfairness appears in the proceedings; in fact, the hearing officers appear to have been scrupulously fair. When plaintiff wanted a continuance, it was granted him. When he had notice, but failed to appear the first time, no proceedings were had. When he did appear he admitted the basic facts upon which the case of the Immigration and Naturalization Service rested. At no time, at any hearing, nor in any brief, nor by motion to reopen in the court below, nor here, has appellant in any way challenged the fact of his deportability, nor indicated any substantive deficiency in the government's case. Nowhere has appellant urged any prejudice resulted to him from any alleged error.[4] He disagrees only with the final result.

The judgment is affirmed.

**3.** Mealha v. Shaughnessy, 2 Cir., 1955, 219 F.2d 600.

**4.** Madokoro v. Del Guercio, 9 Cir., 1947, 160 F.2d 164.