**UNITED STATES of America ex rel. Melvin L. WULF, next friend of Justina Soto, Relator-Appellant,**

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service for the New York District, Respondent-Appellee.**

No. 239, Docket 25982.

United States Court of Appeals Second Circuit.

Argued March 4, 1960.

Decided April 27, 1960.

Melvin L. Wulf, New York City (Rowland Watts, New York City, on the brief), for relator-appellant.

Roy Babitt, Special Asst. U. S. Atty., New York City, (S. Hazard Gillespie, Jr., U. S. Atty., for the S. D. of New York, New York, N. Y., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Appellant, Justina Soto, a native and citizen of Peru, appeals from an order dismissing a writ of habeas corpus, issued to determine the propriety of an order denying to appellant entry into the United States and holding that she is excludable under section 212(a) (6) of the Immigration and Nationality Act (8

U.S.C.A. § 1182(a) (6)) [1] as one afflicted with tuberculosis. The trial court found that "This determination to exclude relator was made by a Special Inquiry Officer pursuant to the statute and in reliance upon a Class A medical certificate of the United States Public Health Service, which, by the statute, is made conclusive." Appeal from this determination is denied by statute (section 236(d) ; 8 U.S.C.A. § 1226(d)).[2]

When appellant in Peru applied for an immigration visa to enter the United States she stated "I am or have been afflicted with tuberculosis." Upon her arrival here she was examined by doctors of the United States Public Health Service and a Class A medical certificate issued describing her affliction as "Tuberculosis of the lungs, minimal, active. Tuberculosis rectal abscess." A hearing before a Special Inquiry Officer was scheduled, as provided by law, two adjournments granted to permit her to retain counsel and a hearing finally held after appellant and her sponsor elected to proceed without counsel. The Special Inquiry Officer thereupon made his decision of exclusion and deportation on the ground of inadmissibility because of tuberculosis (section 212(a) (6), Immigration and Nationality Act).

Appellant now urges that the hearing examiner and the district court were mistaken in their interpretation of § 236(d) of the Act. She says that the statute should be construed to make a medical certificate conclusive only if not rebutted by contradictory evidence and that she should have been afforded an opportunity to examine the medical records upon which the certificate was based and to introduce expert medical testimony rebutting the finding of the Public Health Service doctors that she has tuberculosis. If the statute be construed as denying these rights, appellant says that it must be struck down as a denial of due process of law.

The words of the statute do not support the construction which appellant urges. Section 236(d) states that "the decision of the special inquiry officer shall be based solely upon such certification." "Solely" means "exclusively," the "only one." The apparent purpose of Congress in using this language was to provide a summary procedure when persons certified as having contagious diseases were involved. The interpretation which appellant urges would rob the statute of its vitality and reduce it to little more than a rule governing the burden of coming forward with evidence. Congress' intent is too plainly expressed to permit such a gloss to be put upon the section.

The background of the statute and the provisions associated with that before us support the view that it was not Congress' intention to permit rebuttal of a medical certificate issued under § 212(a) (6). The prior statute, that of 1917, was construed by the Supreme Court in United States ex rel. Johnson v. Shaugh-

---

1. "Section 212. [8 U.S.C.A. § 1182] (a) Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
  \*  \*  \*  \*  \*
  "(6) Aliens who are afflicted with tuberculosis in any form, or with leprosy, or any dangerous contagious disease \* \* \*."

2. "Section 236. [8 U.S.C.A. § 1226]
  \*  \*  \*  \*  \*
  "(d) If a medical officer or civil surgeon or board of medical officers has certified under section 234 that an alien is afflicted with a disease specified in section 212(a) (6), or with any mental disease, defect, or disability which would bring such alien within any of the classes excluded from admission to the United States under paragraphs (1), [(2), (3),] (4), or (5) of section 212(a), the decision of the special inquiry officer shall be based solely upon such certification. No alien shall have a right to appeal from such an excluding decision of a special inquiry officer. If an alien is excluded by a special inquiry officer because of the existence of a physical disease, defect, or disability, other than one specified in section 212(a) (6), the alien may appeal from the excluding decision in accordance with subsection (b) of this section, and the provisions of section 213 may be invoked."

nessy, 1949, 336 U.S. 806, 69 S.Ct. 921, 93 L.Ed. 1054, to give conclusive effect to a medical certificate issued under circumstances similar to those here. See also United States ex rel. Saclarides v. Shaughnessy, 2 Cir., 1950, 180 F.2d 687. With knowledge of these decisions, Congress chose in the 1952 Act not to afford greater opportunity for hearing to persons found by Public Health Service doctors to have mental disabilities or contagious diseases. Rather the statute stated even more clearly that decision was to be based "solely" upon a medical certificate. Moreover, the right to appeal to a medical appeal board was withdrawn entirely by the 1952 Act with respect to aliens excluded under § 212(a) (6). See §§ 234, 236(d). It is most improbable that Congress intended to narrow the rights of this class of immigrants in other respects and yet to broaden their right to introduce testimony before a special inquiry officer.

Nor is the statute unconstitutional when it is construed to make the medical certificate conclusive. The Supreme Court has said that the rights of aliens seeking admission to the United States are limited and that Congress has exceedingly broad discretion in determining the procedures to be followed in immigration proceedings. United States ex rel. Knauff v. Shaughnessy, 1950, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317; Shaughnessy v. United States ex rel. Mezei, 1953, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956. As Justice Minton stated in the Knauff case, 338 U.S. at page 542, 70 S.Ct. at page 312:

"Admission of aliens to the United States is a privilege granted by the sovereign United States Government. Such privilege is granted to an alien only upon such terms as the United States shall prescribe. It must be exercised in accordance with the procedure which the United States provides."

Appellant, subsequent to her arrival in the United States, was carefully and throughly examined by two doctors of the Public Health Service in accordance with the requirements of the Immigration Act before a medical certificate was issued. Considering the contagious nature of tuberculosis and the ability of medical techniques to detect its presence with substantial certainty, it was well within the constitutional power of Congress as enunciated in Knauff and Mezei to give conclusive effect to a medical certificate issued after such an examination.[3]

The order is affirmed.

3. Judge Moore also would hold that, quite apart from the asserted constitutional issue, appellant was given a fair hearing and an opportunity to present evidence and examine the evidence against her. Upon the hearing before the Special Inquiry Officer, the following occurred:

"SIO to the Applicant [appellant]:

"Q. Is that satisfactory with you, to have the hearing go ahead now without a lawyer, just having Mrs. McCarthy here as a friend or observer? A. Yes, I am satisfied that Mrs. McCarthy represent me today here, although I would like to tell you that the reason I wanted to have a lawyer with me was because I wanted to stay here at least three months in order to end my medical treatment. That is the only reason why I asked for a lawyer. But I am ready to go on today without any representation.

"Q. At this hearing you will have a reasonable chance to examine the evidence against you, to offer evidence in your own behalf, to question any witnesses that may be called and to make objections for the record. Do you understand? Very good."

* * * * *

"Q. As a result of the examination conducted by the United States Public Health Service a Class A medical certificate was issued on September 2, 1959, certifying that you have been found to be afflicted with tuberculosis of the lungs, minimal, active, and a tuberculous rectal abscess. I show this certificate to you and ask the interpreter to translate the contents of it to you.

"Do you have any comment to make about it? A. No comment."

* * * * *

"Q. Have you understood everything that was asked of you at this hearing? A. Yes."