Leo Marshall BRYANT, Petitioner,

v.

REAL ESTATE COMMISSION OF the DIS-
TRICT OF COLUMBIA, Respondent.

No. 6671.

District of Columbia Court of Appeals.

Argued March 6, 1973.

Decided April 2, 1973.

Frank R. Cook, Jr., Washington, D. C., for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before REILLY, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

REILLY, Chief Judge:

This petition requires the court to review an order of the Real Estate Commission denying an application for a license as a business-chance broker.[1]  The order, ac-

1. This term, in contradistinction to the term "real-estate broker," also a licensed occupation, is defined in D.C.Code 1967, § 45–1402.  In broad language, it covers a person acting as an agent in the purchase, sale, or exchange of a going business.

companied by findings of fact and conclusions of law, is predicated on the failure of petitioner to present to the Commission "satisfactory proof that the applicant is trustworthy and competent to transact the business of a . . . business-chance broker . . . in such a manner as to safeguard the interests of the public"—one of the qualifications prescribed by statute. D.C.Code 1967, § 45–1404.

Prior to its order, the Commission conducted a hearing to provide petitioner with an opportunity to answer or explain certain relevant charges which had been advanced in opposition to favorable action on the application, *viz.*, (1) a license revocation in 1951 for failure to refund deposits due two different customers; (2) a conviction in 1953 resulting in a prison sentence for filing fraudulent vouchers in violation of 18 U.S.C. § 1001; and (3) filing a petition in bankruptcy in 1959 (and receiving a discharge) listing among his unpaid debts an unsatisfied obligation of $2,-500 to the surety company on his real estate bond.

At the hearing, petitioner did not deny that the specified agency and judicial actions involving him had indeed occurred. He offered testimony, however, to show that he had satisfied liabilities to various claimants, and that since his conviction he had not been charged with any criminal offense. Moreover, he had held such responsible jobs as those of an athletic department business manager and a licensed taxicab driver.

Before this court, petitioner argued that the Commission erred in (a) failing to take into account the fact that he had passed the written competency examination required of license applicants and evidence indicating rehabilitation, and (b) more particularly, in taking into consideration a conviction and prison term occurring more than 10 years prior to the hearing. The latter assignment of error is alleged to violate D.C.Code 1967, § 14–305(b)(2)(B) (Supp. V, 1972). He also contends that the proceedings denied him due process because the Commission itself presented and tried charges which it eventually adjudicated.

■ In our opinion, the Commission did not err. A man may demonstrate competency and even good character and yet be so lacking in fiscal responsibility as to negate any assumption of trustworthiness in conducting a brokerage business in a manner calculated to safeguard the interests of the public. Nor was it error for the Commission to base its conclusion in part on a conviction for fraudulent conduct occurring prior to the ten-year period set forth in § 14–305(b)(2)(B) (Supp. V, 1972). By their very terms, these provisions of the Code place limitations only on the use of prior convictions of witnesses for impeachment purposes at trials in the courts.

■■ The combination of prosecutorial and adjudicative functions in the same agency is a familiar phenomenon in administrative law. It is well settled that such a practice does not violate the Constitution. Belizaro v. Zimmerman, 200 F.2d 282, 283 (3d Cir. 1952).

■ After reviewing the record, we hold that the findings of the Commission are supported by substantial evidence in the record as a whole and therefore its order should not be set aside.

Affirmed.