## DAVIS v. TEXAS.

ERROR TO THE COURT OF APPEALS OF THE STATE OF TEXAS.

No. 1593. Submitted March 30, 1891. — Decided April 13, 1891.

A writ of error to review the judgment of the highest tribunal of a State cannot be maintained in the absence of a Federal question giving this court jurisdiction.

The questions sought to be presented in this case as Federal questions fall entirely within the scope of the exercise of the powers of the State, and this court has no jurisdiction over them.

This case distinguished from *Calton v. Utah,* 130 U. S. 83.

Motion to dismiss, affirm or advance. The supposed Federal questions are stated in the opinion.

*Mr. C. A. Culberson,* Attorney General of the State of Texas, *Mr. Henry M. Furman* and *Mr. Charles H. Armes* for the motion.

*Mr. Samuel Field Phillips* and *Mr. Frederick D. McKenney* opposing.

Mr. Chief Justice Fuller delivered the opinion of the court.

Plaintiff in error was indicted by the grand jury of Tarrant County, Texas, for that, in that county, on July 6, A.D. 1889, he " with force and arms, did, unlawfully and with his express malice aforethought, kill and murder one B. C. Evans with a pistol, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State ; " and, having been arraigned and pleaded not guilty, was tried, found guilty of murder in the first degree, his pun-

ishment fixed by the jury at death, and judgment rendered accordingly. Two successive motions for a new trial, setting up twenty-nine alleged grounds therefor, were made, considered and overruled. An appeal was thereupon prosecuted to the Court of Appeals of the State of Texas, and thirty-six errors assigned. The Court of Appeals affirmed the judgment, and application for a rehearing was made, heard and denied. The opinions upon the original and second hearings were delivered by Judge Hurt and are both sent up as parts of the record.

During the trial, in the motions for a new trial, in the assignment of errors in the Court of Appeals, and in the application for a rehearing, no suggestion of a Federal question was made; nor was any right, title, privilege or immunity under the Constitution or any treaty or statute of the United States specially set up or claimed by the plaintiff in error. Notwithstanding, a writ of error from this court was allowed by the Presiding Judge of the Court of Appeals, and the record was filed here January 22, 1891. The case now comes before us on a motion to dismiss or affirm.

Seven errors are assigned. The first, second and third question the validity of the Penal Code of the State of Texas, in the matter of its enactment, and insist that the Federal Constitution was violated by these proceedings taken thereunder. We have already disposed of this objection in *In re Duncan, Petitioner, ante*, 462. The fourth error assails the indictment, and is covered by our decision in *Caldwell* v. *Texas*, 137 U. S. 692. The fifth error relates to the action of the trial court in refusing a continuance, and the sixth to the action of that court in respect to that refusal, upon the motion for a new trial. Under article 560 of the Code of Criminal Procedure of the State of Texas, the application for continuance is addressed to the sound discretion of the trial court, and if it be overruled and the defendant convicted, it is provided "if it appear upon the trial that the evidence of the witness or witnesses, named in the application, was of a material character, and that the facts set forth in said application were probably true, a new trial should be granted, and

the cause continued for the term, or postponed to a future day of the same term." Willson's Crim. Tex. Stats. pt. II, p. 154. It was for the Court of Appeals to determine whether the discretionary power of the trial court had been so abused as to amount to error, and whether its reconsideration, upon the motion for a new trial, or the refusal to continue, called for revision. Sections 2169, 2171, 2186, and 2187, pt. II, of Willson's Criminal Texas Statutes, give a large number of cases upon the subject. The matter was for the state courts to decide, and their action presents no Federal question. The Fifth and Sixth Amendments of the Constitution of the United States, referred to by counsel in the assignments of error, are restrictive of the powers of the Federal government and not restraints upon the States, and in the statute and its administration we find no denial of due process of law or of a right secured to plaintiff in error by that instrument. *Caldwell* v. *Texas*, 137 U. S. 692; *Leeper* v. *Texas*, ante, 462. The seventh error is to the effect that as the Penal Code of Texas (Art. 607) provided " if the jury shall find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree; and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find of what degree of murder he is guilty," and the Code of Criminal Procedure, (Art. 676,) that "the jury are the exclusive judges of the facts in the cause, but not of the law in any case, they are bound to receive the law from the court and be governed thereby ;" and as in this instance, the trial judge read a charge to the jury which did not treat of murder in the second degree, a new law was thereby promulgated and enforced in violation of the Constitution of the United States prohibiting the making or enforcing of any *ex post facto* law, and inhibiting any State from denying the equal protection of the laws; and it is suggested in argument that due process was also denied.

Articles 677, 678, 679, 680, 681, 682, 683 and 684 of the Code of Criminal Procedure (Willson's Cr. Tex. Stats. pt. II, p. 192) provide that the trial judge shall deliver to the jury a written charge setting forth the law applicable to the case distinctly,

but not expressing any opinion as to the weight of evidence, nor summing up the testimony; and that "this charge shall be given in all cases of felony, whether asked or not;" that it is beyond the province of the judge to discuss the facts or use argument, but it is his duty to state the law of the case plainly; that either party may ask written instructions, which the court shall either give or refuse, with or without modification, but if modified, it shall be done in writing; that the general charge, as well as the instructions given or refused on request, shall be certified by the judge and filed among the papers in the case and constitute part of the record; that the court is not required to charge in actions for misdemeanor, except upon request, and when requested such charges shall be given or refused, with or without modification, as are asked in writing; that no verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only by consent of the parties; that when charges are asked, the judge shall read to the jury only such as he gives; that the jury may take with them in their retirement the charges of the court after the same have been filed, but they shall not be permitted to take with them any charge, or portion of a charge, which has been asked and which the court has refused to give.

Article 685 is as follows: "Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall be reversed; *provided*, the error is excepted to at the time of the trial." The charge of the court in this case was given in writing, as required by the statute, and no exception whatever was taken to it, nor any additional instructions asked by the plaintiff in error. In the motion for a new trial and before the Court of Appeals the question was raised that the court should have instructed upon the law of murder in the second degree. By Article 777 of the Code of Criminal Procedure, one of the causes for a new trial in cases of felony is stated thus: "Where the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights

of the defendant." Under these articles and similar statutory provisions previously existing, it has been held repeatedly by the Texas courts of last resort that, however immaterial the error may be, if promptly excepted to and presented by a proper bill of exceptions on appeal, the statute is mandatory, and that the conviction must be set aside without inquiry as to the effect of such error upon the jury. But if the error be not excepted to at the proper time, and is first presented in a motion for a new trial, then the rule is that, if under all the circumstances, as exhibited in the record, the error was " calculated to injure the rights of the defendant," the conviction will be set aside, but otherwise it will not be disturbed. *Bishop* v. *State*, 43 Texas, 390; *Johnson* v. *State*, 27 Texas, 758; *Elam* v. *State*, 16 Texas App. 34; *Blocker* v. *State*, 27 Texas App. 16, 43. In the latter case, Judge Willson, in delivering the opinion on the motion for rehearing, said that the decisions were numerous and uniform in Texas " that where there is no evidence from which, by any possible legitimate construction, the jury could conclude that the homicide was murder in the second degree, the court may properly decline to submit to the jury the issue and law of murder in the second degree; " and he cites some sixteen decisions in support of the position.

In the first opinion delivered by the Court of Appeals in the case at bar the court said : " The learned judge submitted the question of self-defence, but did not submit to the jury but one degree of murder, viz., the first. There was no objection to the charge for this omission, nor did counsel requ·st an instruction upon the second degree. We have reversed a great number of judgments, in all manner of felony cases, for this omission, though there was no charge requested, no objection taken, because of the omission to charge the law applicable to the different phases of the case. But, in the absence of requested charges or objection, what is the rule ? We are discussing the matter upon the hypothesis that murder of the second degree is presented by some evidence in the record. The rule is stated in *Bishop* v. *The State*, 43 Texas, 390, to be that if the charge is erroneous and is excepted to at the time, the judgment will be reversed; but, though erroneous, if not

excepted to or proper instructions requested, the judgment for this error may or may not be reversed. If the omission was a material error, calculated to injure the rights of the defendant, though the error is called to the attention of the court first in a motion for new trial, the judgment should be reversed; but in determining whether the error is material and calculated to injure the rights of the accused, we are to look to the whole record bearing upon the subject. What was the nature of the testimony supporting the verdict? Was it cogent and overwhelming? What the character of the testimony presenting the phase or theory of the case omitted to be noticed in the charge and upon which omission error is assigned? Was it at all reasonable? Did it present a theory which a reasonable mind could entertain, or was it supported by such testimony as was remotely calculated to destroy the State's case? When considered in connection with the other testimony in the case, as well as the charge as a whole, was the phase of the case simply an addition to the case as made by the State and consistent therewith, or was it in direct conflict with the State's theory? These are all important matters to be considered in passing upon the materiality of the omission or error so as properly to determine whether the error was calculated to injure the rights of the accused." The evidence considered, the conclusion was reached " that, if a charge had been submitted, permitting the jury to find a less degree, no juror with the least degree of intelligence, unless corrupt, would have entertained for a moment the suggestion of any theory less than murder of the first degree," and that, after a careful examination of the record in the light of the argument and brief for the condemned, and bearing in mind the penalty awarded, the court had failed to find any error requiring a reversal. The discussion was renewed and reënforced in the opinion upon overruling the motion for a rehearing, and additional authorities were cited.

In view of the legitimate purview of the Fourteenth Amendment, as settled by repeated exposition, it is impossible for us to hold that in all this the plaintiff in error was deprived of due process of law or denied the equal protection of the laws, or that his privileges or immunities were abridged.

In *Calton* v. *Utah*, 130 U. S. 83, we held that where the Code of Utah provided that imprisonment at hard labor in the penitentiary for life might be substituted for the penalty of death when the accused was found guilty of murder in the first degree, if the jury made a recommendation to that effect, the court erred in not calling the attention of the jury to that provision of the statute, since it was not to be presumed that they were aware of their right to make such recommendation; but that was a case which came directly to us from the Supreme Court of the Territory, and the inquiry related to the commission of mere error, and statutory provisions like those of Texas were not under consideration.

A writ of error to review the judgment of the highest tribunal of a State stands on far different ground and cannot be maintained in the absence of a Federal question giving us jurisdiction. The state courts rendered no decision in favor of the validity of a statute of or authority exercised under the State, drawn in question on the ground of repugnancy to the laws of the United States, nor was any title, right, privilege or immunity under such constitution or statute specially set up or claimed in the case. It is not within our province to pass upon any of the questions sought to be presented, as they fall entirely within the scope of the exercise of the powers of the State.

The writ of error is

*Dismissed.*