## Ex parte WHISTLER.
### No. 2877.

District Court, E. D. Wisconsin.
Sept. 28, 1945.

No appearance for petitioner or respondent.

DUFFY, District Judge.

■ Petitioner's petition for a writ of habeas corpus verified August 17, 1945, has been considered by the court in order to determine whether the facts alleged, if proved, would warrant further action. This duty is imposed by law. 28 U.S.C.A. § 455; Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Ex Parte Cleio Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; Ex Parte Quirin, 317 U.S. 1, 24, 63 S.Ct. 1, 3, 87 L.Ed. 3.

■ As in the case of another petition for writ filed by petitioner in this court several months ago, the petition now before the court does not show that the petitioner exhausted his State court remedies in the manner and to the extent required. In this connection it appears that he made separate petitions to the Circuit Court of Dunn County, which was denied July 26, 1945, and to the Supreme Court of Wisconsin, which was denied August 13, 1945. But before any application of the petitioner has jurisdictional vitality in this court, it must appear that he has completely exhausted his State court remedies, including all appellate remedies in such courts, and

in the Supreme Court of the United States by appeal or certiorari. Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; United States ex rel. Foley v. Ragen, 7 Cir., 143 F.2d 774; United States ex rel. Doss v. Lindsley, 7 Cir., 148 F.2d 22, 158 A.L.R. 525, certiorari denied May 5, 1945. As the petitioner did not appeal from the denial of his petition by the Circuit Court of Dunn County to the Supreme Court of Wisconsin, he did not exhaust his appellate remedy in the State courts, his separate application to the Supreme Court of Wisconsin not being a resort to appellate remedy. Should he, however, take such action and should the Supreme Court of Wisconsin affirm, then it would be incumbent upon him to carry his petition through to the Supreme Court of the United States. If unsuccessful he would be entitled to petition this court.

This situation requires that this court dismiss the petitioner's application. For the guidance of the petitioner, it might be well to state that were it jurisdictionally permissible for this court to entertain his application, it is doubtful that the facts alleged by him are sufficient to warrant the issuance of a writ.

■ Petitioner's main contention is that his waiver of a jury trial rendered his trial and conviction in the State court void under U.S.Const. Art III, Sec. 2. Apparently the petitioner erroneously conceives that this clause relates to trials in State courts. The clause in question applies only to criminal proceedings in the federal courts and, therefore, has no application to petitioner's trial and conviction in the State court. Eilenbecker v. District Court of Plymouth County, 134 U.S. 31, 35, 10 S.Ct. 424, 33 L.Ed. 801; Nashville, Chattanooga & St. Louis R. Co. v. Alabama, 128 U.S. 96, 101, 9 S.Ct. 28, 32 L.Ed. 352.

■ The same conclusion must be reached with respect to petitioner's contentions under U.S.Const. Amendment VI, as to an accused's right to a speedy trial. This amendment applies to and is restrictive of the powers exercised by the federal government. Davis v. Texas, 139 U.S. 651, 11 S.Ct. 675, 35 L.Ed. 300; Eilenbecker v. District Court of Plymouth County, supra.

■ There is no merit in petitioner's claim that U.S.Const. Amendment V applies. This amendment is also a limitation upon the federal government and has no refernce to State actions. Hallinger v.

Davis, 146 U.S. 314, 319, 13 S.Ct. 105, 36 L.Ed. 986; Jack v. Kansas, 199 U.S. 372, 379, 26 S.Ct. 73, '50 L.Ed. 234, 4 Ann.Cas. 689.

■ While U.S.Const. Amendment XIV applies to the States, it is the universal rule where an accused waives a jury trial in a State court he has been accorded "due process of law" thereunder. Hallinger v. Davis, supra, page 320 of 146 U.S. 314, 13 S.Ct. 105, 36 L.Ed. 986.

Several other settled rules would operate adversely to the successful maintenance of petitioner's application on the merits, including:

■ Facts of record as to what occurred at a trial cannot be attacked on habeas corpus. Williams v. Huff, 79 U.S.App.D.C. 31, 142 F.2d 91.

■ A contention made for the first time on petition for habeas corpus which should have been raised at the trial was too late. Sink v. Cox, 8 Cir., 142 F.2d 917.

■ A retrial and redetermination of the competency, weight and sufficiency of evidence on which petitioner was convicted is not the function of a writ of habeas corpus. Malinski v. New York, 324 U.S. 401, 412, 65 S.Ct. 781, 786 et seq.; Hodge v. Huff, 78 U.S.App.D.C. 686, 140 F.2d 686; Dorsey v. Gill, App.D.C., 148 F.2d 857; Eury v. Huff, 79 U.S.App.D.C. 289, 146 F.2d 17.

Other matters asserted by petitioner have been considered and are regarded as without merit.

It is therefore ordered that the petition of said Percy Arthur Whistler be and the same is hereby dismissed, and the writ of habeas corpus prayed for by him is denied.