**SUMIO MADOKORO v. DEL GUERCIO, District Director, Immigration and Naturalization Service.**

No. 11260.

Circuit Court of Appeals, Ninth Circuit.

Feb. 27, 1947.

Rehearing Denied April 4, 1947.

A. L. Wirin and Fred Okrand, both of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ronald Walker and Robert E. Wright, Asst. U. S. Attys., and Bruce G. Barber, Chief, Adjudication Div., Immigration and Naturalization Service, all of Los Angeles, Cal., and Edgar Bonsall, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before DENMAN, HEALY, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying the petition for a writ of habeas corpus to release appellant Sannosuke Madokoro from the custody of the Immigration officials. Appellee is holding the custody of appellant after he had been tried before the Immigration Inspectors on charges contained in a warrant, as follows:

"That he is in the United States in violation of the Immigration Act of 1924 in that at the time of his entry he was not in possession of an unexpired immigration visa; and in that he is an alien ineligible to citizenship and not exempted by Paragraph (c) Section 13, thereof."

Appellant admits that he is a citizen of Japan, an alien ineligible to citizenship, who entered the United States in 1916 as an alien seaman for the brief period then permitted, and that he violated that Act in remaining in the United States beyond the time allowed. He had remained in the United States to the date of the service of the warrant in 1942, with the exception of certain temporary visits to Mexico in 1926 under a permit issued to him under Rule 3, Subdivision F, paragraph 1 of the Immigration Rules of July 1, 1925.

 Since more than three years had elapsed since appellant's illegal entry he is not deportable on that ground (8 U.S.C.A. § 155) and the appellee does not so contend. However, that statute of limitation does not confer upon appellant any right to return to the United States. He may be deported for a subsequent illegal entry. United States ex rel. Volpe v. Smith, 289 U.S. 422, 426, 53 S.Ct. 665, 77 L.Ed. 1298.

After the expiration of that permit, appellant, residing in Santa Barbara County, California, on December 26, 1926, temporarily crossed into Mexico and returned on the same day, presented himself to the Custom officials and was there admitted to the United States. It is the contention of the appellee that appellant was not then entitled to enter the United States since he was an alien ineligible to citizenship and not within the exceptions of Section 13 (c) of the Immigration Act of May 26, 1924, (8 U.S.C. § 213 (c), 8 U.S.C.A. § 213 (c)) ;[1] and hence he must be deported under Section 14 of that Act providing that "Any alien who at any time after entering the United States is found to have been at the time of entry not entitled under this

[1] "No alien ineligible to citizenship shall be admitted to the United States unless such alien (1) is admissible as a nonquota immigrant under the provisions of subdivision (b), (d), or (e) of section 4, or (2) is the wife, or the unmarried child under 18 years of age, of an immigrant admissible under such subdivision (d), and is accompanying or following to join him, or (3) is not an immigrant as defined in section 3."

act to enter the United States, * * * shall be taken into custody and deported * * *."

Appellant contends that by virtue of Rule 12, Subdivision A of the Immigration Rules of 1925, he was then entitled to enter and so was admitted to the United States. This regulation was not promulgated under the Immigration Act of 1924 but under Section 3 of the Act of February 5, 1917, 39 Stat. 874, 8 U.S.C.A. § 136, which provides

"That aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe."

Rule 12, Subdivision A, Paragraph 1,[2] provided that any alien who has had a permanent residence in the United States for seven consecutive years could then be admitted by the Secretary of Labor after a temporary absence from the United States. However, the Immigration Act May 26, 1924, Section 25, provided with reference to all the prior immigration laws that "* * * an alien, although admissible under the provisions of the immigration laws other than this Act, shall not be admitted to the United States if he is excluded by any provision of this Act." 43 Stat. 166, 8 U.S.C.A. § 223.

It is unnecessary for us to determine whether the Act of 1924 repealed as to all aliens Section 3 of the Act of February 5, 1917, above stated, since it is clear that the 1924 Act repealed Section 3 of the 1917 Act so far as it applied to aliens ineligible to citizenship. We take it that the provision of Rule 12, subdivision A is to be construed in connection with Rule 3, Sub-

division F, Paragraph 1; of the same rules and that the aliens referred to in Rule 12 are the aliens otherwise admissible referred to in Rule 3.

Appellant contends that, assuming the facts admitted, the deportation order must be set aside because he was denied due process in the hearing before the Inspectors. He had been taken to a concentration camp at Fort Lincoln, North Dakota, as an enemy alien, where, on March 23, 1942, the hearing on the warrant was held. Before the consideration of the merits of the proceeding appellant was asked and answered questions as follows:

"Q. Do you understand the nature of these charges? A. Yes.

"Q. Do you have a copy of this warrant of arrest? A. Yes.

"Q. A hearing will be granted for the purpose of affording you an opportunity to show cause, if there be any, why you should not be deported from the United States under the charges stated in this warrant of arrest. Do you understand? A. Yes.

"Q. At this hearing you have the right to be represented by counsel, either an attorney or other person of good moral character, of your own selection and at your own expense, do you wish to be so represented? A. No.

"Q. Are you ready and willing to proceed with your hearing at this time? A. Yes."

Appellant admits that he then knew the value of counsel but contends that there were no attorneys in the camp at Fort Lincoln and that if there had been attorneys there he had no funds to pay the expenses which the Presiding Inspector said he must supply. There was no offer to supply an attorney to the imprisoned man. Hence

---

2 "Paragraph 1. Under the seventh proviso to Section 3 of the Act of February 5, 1917, aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted, in the discretion of the Secretary of Labor, and under such conditions as he may prescribe. In such case satisfactory proof of domicile in the United States for seven consecutive years, and of departure therefrom with the intention of return- ing thereto, will be exacted. Every case of exclusion for any cause in which the alien has given such proof, shall be promptly brought by the immigration official in charge to the attention of the Secretary of Labor, through the usual official channels, with a complete report for the reasons for the alien's exclusion and of the proof which has been offered for continuous and unrelinquished domicile, together with a statement of the duration of absence."

appellant claims that he was denied due process.

The Second Circuit has held in United States ex rel. Ciccerelli v. Curran, 2 Cir., 12 F.2d 394, 396 and in United States ex rel. Wlodinger v. Reimer, 2 Cir., 103 F.2d 435, 436, that with the privilege of counsel at the expense of the alien there is no denial of due process with respect to counsel, but in those cases it does not appear that the alien was without means to pay the expense of counsel.

We think it unnecessary to determine whether there was here a denial of due process, for all the facts elicited from the appellant at the Fort Lincoln hearing relevant to the deportation of such an alien are admitted to be true. Failure to have counsel, if error, like other errors, may not be prejudicial. If there be a presumption that the denial of due process is presumed prejudicial, that presumption is overcome by appellant's admissions here. Cf. Davis v. Texas, 139 U.S. 651, 653, 11 S.Ct. 675, 35 L.Ed. 300.

Since it appears that this alien is ineligible to citizenship and was not eligible on December 26, 1926, he is in the United States in violation of Section 13 (c) of the Act of 1924, the order for deportation is legal and valid.

The order denying the relief under the writ of habeas corpus is affirmed.