Robert Lee LADAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–056 CR.

Court of Appeals of Texas,
Beaumont.

March 27, 1985.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

In our original opinion, *Laday v. State*, 685 S.W.2d 681 (Tex.App.—Beaumont, 1984), this Court held that the State had failed to prove that appellant was the identical person who had previously been convicted of burglary of a building in Cause No. 37774 on March 4, 1980, and ordered a

remand for new trial. The Court of Criminal Appeals reversed this judgment and remanded this cause to this Court for consideration of appellant's other grounds of error. *Laday v. State*, 685 S.W.2d 651 (Tex.Crim.App., 1985).

This is an appeal from a conviction for burglary of a building pursuant to TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). Punishment, enhanced by proof of one prior felony conviction for aggravated assault, was assessed by the jury at thirty years.

Appellant's first and third grounds of error complain of admission into evidence of "State's Exhibit Thirty-two" and "State's Exhibit Thirty-five."

Exhibit No. Thirty-two is a certified copy of the judgment and sentence of a Robert Lee Laday in Cause No. 36820 in the 252nd District Court of Jefferson County, Texas, for aggravated assault, which had been alleged in the indictment for enhancement purposes. Exhibit No. Thirty-five is a copy of a judgment of a Robert Lee Laday in Cause No. 85478 in the County Court of Jefferson County at Law No. 2, Jefferson County, Texas, for the offense of resisting arrest. The two exhibits were introduced into evidence during the punishment phase of the trial.

Appellant contends the court erroneously admitted such exhibits for the reason "the person named in the exhibits was not identified as the appellant at trial."

■ The record before us reveals that appellant, testifying during the guilt-innocence stage of trial admitted that he was the same person finally convicted in Cause No. 36820, in the 252nd District Court of Jefferson County, Texas. Our Court of Criminal Appeals has approved several different methods by which it may be proved that a defendant is the same person previously convicted. *See Daniel v. State*, 585 S.W.2d 688 (Tex.Crim.App.1979). One such method is a judicial admission of the defendant that he has been so convicted. *Laday v. State, supra; Daniel v. State, supra; Davison v. State*, 510 S.W.2d 316 (Tex.

Crim.App.1974). Appellant's first ground of error is overruled.

■ The record before us also reveals that following the introduction into evidence of the judgment in Cause No. 85478 in the County Court of Jefferson County at Law No. 2, the witness, Wayne Wallace, an investigator for the District Attorney's office in Jefferson County, Texas, who had previously been an Assistant Superintendent of Identification for the Beaumont Police Department from 1961 to 1965, testified, without objection, that he had obtained fingerprints, as shown by State's Exhibit No. Thirty-six, from appellant and had compared such prints with those appearing as a part of State's Exhibit No. Thirty-five and that such prints were made by one and the same person. This was sufficient to identify appellant as the person named in the judgment in Cause No. 85478. This third ground of error is overruled.

Appellant's fourth ground of error contends "[t]he charge to the jury was fundamentally defective." The abstract portion of the court's charge contained a charge on the offense of burglary of a building with intent to commit theft. The application paragraph contained the elements of burglary of a building with intent to commit theft. Appellant made no objections to the charge. He now complains of error in failure to define the term "theft". In the absence of an objection, we must determine if such failure constitutes fundamental error which would mandate a reversal.

It is clearly stated in *Rider v. State*, 567 S.W.2d 192 (Tex.Crim.App.1978) that the better practice in instructing the jury on the offense of burglary with intent to commit theft is for the court to define the term "theft" in its charge and in applying the law to the facts instruct the jury they may find the defendant guilty if they find beyond a reasonable doubt that at the time of the offense he had the intent to commit the offense of theft as defined therein. *See also Jackson v. State*, 633 S.W.2d 897 (Tex. Crim.App.1982); *Ex Parte Cannon*, 546 S.W.2d 266 (Tex.Crim.App.1976).

■ A trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. *Jackson v. State, supra.* Further, the court must charge on all essential elements of an offense. *See Zuckerman v. State,* 591 S.W.2d 495 (Tex.Crim.App.1979).

An essential element of a charge on the offense of burglary of a building, as charged in the instant case, is that such is committed with "intent to commit a felony or theft." TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974).

■ In view of *Rider v. State, supra,* and the authorities cited therein, the failure to define the term "theft" in the charge in our case constitutes error. However, appellant made no objection to the charge, the error is waived, and nothing is presented for review, unless the same constitutes fundamental error.

In *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Crim.App.1981), the Court considered the question of fundamental error in the failure to define "in the course of committing theft" in a charge on the offense of aggravated robbery. The Court held that even though the phrase "in the course of committing theft" is defined in the Penal Code, and because of this it takes on a special legal meaning, the failure to define the phrase did not constitute fundamental error. This holding was subsequently followed in *Olveda v. State,* 650 S.W.2d 408 (Tex.Crim.App.1983). By authority of these cases, we hold that the failure to define the term "theft" in our case does not constitute fundamental error.

Assuming, arguendo, that the failure to define "theft" presents fundamental error, such error does not require an automatic reversal.

The latest discussion of fundamental error and the effect thereof is found in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985), wherein it is held that "if no proper objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'" The Court further states that "[a]s a statement on how to determine the severity of any egregious error in the charge we cannot improve on the following" statements contained in *Davis v. State,* 28 Tex.Ct.App. 542, 13 S.W. 994 (1890), writ of error dism'd 139 U.S. 651, 11 S.Ct. 675, 35 L.Ed. 300 (1891), and our Court of Criminal Appeals then states the rule as follows:

We hold that finding error in the court's charge to the jury begins—not ends—the inquiry; the next step is to make an evidentiary review along the lines of that described above in *Davis,* supra, as well as a review of any other part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused....

To the extent that it holds any charge error requires "automatic" reversal, *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr. App.1979) is overruled, as are all other opinions inconsistent herewith.

In addition to the above, the only guidelines in determining "egregious harm" is stated in this language:

[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

In compliance with *Almanza,* we have carefully reviewed the entire record before us. In the absence of a challenge to the sufficiency of the evidence, we deem it necessary to refer only to that which is relevant to the issue of egregious harm to the appellant because of the failure to define "theft" in the court's charge.

The evidence shows that a small convenience store was burglarized. The owner testified she did not give anyone permission or consent to enter the store or to remove anything therefrom. It is well established that appellant was inside the store at approximately 4:30 A.M. on the date in question, and ran out of the store when the

investigating officers approached the store. A witness saw appellant run from the store and made a positive in-court identification of appellant who ran out of the store. The investigating officer also made an in-court identification of appellant as the one who ran from the store. Appellant ran past the officer and toward a house where his sister resided. There is evidence to indicate appellant went into this house but escaped before the officers could locate him. The officer discovered many items of groceries inside this house, and such items were identified as those which had been taken from the store.

TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1985), defines theft as:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

> (b) Appropriation of property is unlawful if:

>> (1) it is without the owner's effective consent; or
>> . . . .

The evidence briefly summarized above clearly establishes the offense of theft as defined in § 31.03. As stated in *Olveda v. State, supra,* "[a]s noted in *Rohlfing,* when the statutory definition is not included in the charge, it is assumed the jury would consider the commonly understood meaning in its deliberations." Where the proof, as in the instant case, clearly proves each element of theft, we fail to see how appellant could have been harmed. Apparently appellant agrees because we note there has been no attempt, not even a suggestion, that any degree of harm has resulted in the failure to define "theft" in the charge.

We hold that, under the facts proven, the failure to define "theft" in the charge is not such egregious harm as to deprive appellant of a fair and impartial trial. This ground is overruled.

Appellant next complains of improper jury argument made by the prosecuting attorney.

During the argument on punishment the following appears in the record:

[The Prosecutor]: He says, "Five years and a Ten Thousand Dollar fine". Well, that's real cute, because it just doesn't work that way.

You see, he's saying, "Give this man five years and a Ten Thousand Dollar fine. Let's make him pay back society". Didn't that appeal to you the first time you heard it?

Well, let me tell you what the problem is. You really think he's going to pay that Ten Thousand Dollars? If he doesn't pay that Ten Thousand Dollars, what happens? Nothing. He's stuck with that five-year sentence.

MR. MCLEMORE: Your Honor, I'm going to object to that. That's clearly improper argument.

THE COURT: Sustained.

The court sustained the objection to the foregoing statement. Appellant did not request an instruction and did not move for a mistrial. Appellant received all the relief he requested. The error, if any, was waived. *Reese v. State,* 531 S.W.2d 638 (Tex.Crim.App.1976); *Kennedy v. State,* 520 S.W.2d 776 (Tex.Crim.App.1975); *Koller v. State,* 518 S.W.2d 373 (Tex.Crim.App. 1975).

The remaining portions of the argument, about which complaint is made, present no error. Moreover, such argument was invited by appellant's jury argument. These grounds are overruled.

The judgment is affirmed.