**John S. HAFLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–01228–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 23, 1989.

Jane E. Hemphill, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before STEWART, LAGARDE and BURNETT, JJ.

OPINION

LAGARDE, Justice.

John S. Hafley appeals his conviction by a jury for the misdemeanor offense of unlawfully carrying a weapon. TEX.PENAL CODE ANN. § 46.02 (Vernon 1974).[1] The

court set punishment at thirty days in jail, probated for one year, and a fine of $100. Two of appellant's three points on appeal relate to perceived errors in the charge, and one asserts that the complaint and information are invalid because they do not negate exceptions to section 46.02. This Court overrules all of appellant's points of error and affirms his conviction.

Dallas police officer James R. Smith testified that he stopped appellant at midnight on March 22, 1987, because appellant's vehicle had a defective headlight. A routine radio check revealed an outstanding warrant in Tarrant County for appellant. Officer Smith then arrested appellant and conducted an inventory search of appellant's automobile. The search revealed two pistols—a .22 and a .38 caliber. Officer Smith testified that both handguns were hidden from view under the driver's seat and that the .38 was unholstered. Officer Smith also testified that appellant identified himself as a security guard, but that Officer Smith did not notice anything distinctive about appellant's clothing indicating employment as a security guard.

Appellant testified that at the time of his arrest he was carrying out his regular duties as a security guard supervisor, traveling from station to station, inspecting other guards. He said that he was wearing the uniform required by his employer and that the .38 handgun was holstered and in plain view between the driver's seat and the brake. Appellant stated that the .22 handgun belonged to his father and that he was unaware that it was in the vehicle. The court admitted appellant's security guard license into evidence.

In his first point of error, appellant asserts that the charge improperly placed the burden of proof regarding the security officer defense on the appellant. We conclude that the charge did not misplace the burden.

Appellant was convicted under section 46.02(a) of the Texas Penal Code, which reads: "A person commits an offense if he

---

1. Unless otherwise noted all statutory references are to TEX.PENAL CODE ANN. § 46.02 (Vernon 1974).

intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." Section 46.03 of the penal code offers several defenses to the charge of unlawfully carrying a weapon. *See* TEX.PENAL CODE ANN. § 46.03 (Vernon Supp.1989). Appellant relied on section 46.03(a)(5), which outlines the security officer defense, and at trial he offered evidence which properly raised the defense.

Section 2.03 of the Texas Penal Code requires the State to disprove any defense beyond a reasonable doubt once it has been properly raised by the evidence. *Luck v. State*, 588 S.W.2d 371, 375 (Tex.Crim.App. 1979), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980). Further, the charge must instruct the jury to acquit the accused if the jury does not find that the State has disproved the defense beyond a reasonable doubt. *Id.* In this case, the charge set out the security officer defense, tracking the language of section 46.03(a)(5):

> It is not a violation of the law for a person to carry a pistol if he holds a security officer commission issued by the Texas Board of Private Investigators and Private Security Agencies, if:
>
> (A) he is engaged in the performance of his duties as a security officer or traveling to and from his place of assignment;
>
> (B) he is wearing a distinctive uniform; and
>
> (C) the weapon is in plain view.
>
> Therefore, if you find from the evidence, or have a reasonable doubt thereof, that on the occasion referred to herein and in the Information, the Defendant [Appellant] did fall within the above mentioned exception then you will acquit him.

Appellant contends that this language failed to clearly place on the State the burden of proving the nonexistence of the defense, which failure, in effect, placed the burden on appellant of proving beyond a reasonable doubt the existence of the defense.

■ We do not read the charge as misplacing the burden when it instructs the jury to acquit the defendant if there exists a reasonable doubt as to whether the defendant fell within the "exception." The instruction complies with the requirements set forth in *Luck*, 588 S.W.2d at 375. Furthermore, the jury is presumed to follow the instructions given by the trial judge. *Rose v. State*, 752 S.W.2d 529, 554 (Tex. Crim.App.1987); *Cobarrubio v. State*, 675 S.W.2d 749, 752 (Tex.Crim.App.1983). Immediately following the previously quoted instruction, the charge informed the jury that, "[i]n all criminal cases the burden of proof is on the State." The charge also instructed the jury that the State must prove each element of the offense beyond a reasonable doubt. Thus, we conclude that read as a whole, the charge correctly instructs the jury on the burden of proof. *See Inman v. State*, 650 S.W.2d 417, 419 (Tex.Crim.App.1983).

■ Moreover, appellant did not object to the charge at trial and, ordinarily, a failure to object will not allow for a reversal of judgment, even if error exists. However, if the error is fundamental, reversal will follow even though no objection was made. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). A fundamental error exists if the error is so egregious that the accused has not had a fair and impartial trial. *Id.* Assuming, arguendo, that a charging error existed, we hold that the error would not be fundamental error in this case and cannot compel reversal absent an objection. Under *Almanza*, the fundamental error inquiry requires a case-by-case analysis. *Lawrence v. State*, 700 S.W.2d 208, 212 (Tex.Crim.App.1985). No error in the charge is per se fundamental; instead, *Almanza* requires a review of the entire record to determine the existence of actual and egregious error.[2] *Castillo–*

---

**2.** The court in *Almanza* specified the thoroughness of the evidentiary review:

> But in determining whether the error is material ... we are to look to the whole record bearing upon the subject. What was the nature of the testimony supporting the verdict?

Was it cogent and overwhelming? What was the character of the testimony presenting the phase or theory of the case omitted to be noticed in the charge, and upon which omission error is assigned? Was it at all reasonable? Did it present a theory which a reason-

*Fuentes v. State,* 707 S.W.2d 559, 561 (Tex. Crim.App.1986). A review of the record reveals no egregious, fundamental error concerning the burden of proof on the security officer defense. In closing arguments, appellant and the State explained to the jury that the State must carry the burden of proof. Several times during closing, the State highlighted the evidence it characterized as disproving appellant's defense. The charge stated that the burden of proof rested on the State. If any error occurred, it was harmless and it did not deprive appellant of a fair and impartial trial. Appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred by not including the security officer defense in the application paragraph of its charge to the jury. The previously quoted section, setting out the elements of the security officer defense, immediately precedes the application paragraph. The application paragraph states:

> Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, John Stephen Hafley, on or about the 22nd day of March, A.D., 1987, in the County of Dallas, and State of Texas, as alleged in the Information did then and there knowingly carry on or about his person a handgun, you will find the defendant guilty as charged in the Information, and you will make no finding in this verdict as to punishment. If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict Not Guilty.

Appellant claims that by failing to mention the security officer defense, the application paragraph instructs the jury to find appellant guilty regardless of the defense.

Appellant again asserts fundamental error under *Cobarrubio,* 675 S.W.2d at 751–52. In that case, the charge included instructions on murder and the lesser included offense of voluntary manslaughter. The jury was first instructed in the application of the law to murder and, thereafter, on the law as applied to voluntary manslaughter. This order allowed the jury to find the appellant guilty of murder without considering the voluntary manslaughter element, "sudden passion." The Court of Criminal Appeals ruled that not only does the State have the burden of proving lack of sudden passion, "but also that this burden must be so placed in the paragraph of the charge applying the law of murder to the facts of the case." *Id.* at 751. Appellant claims that this *Cobarrubio* type of error also exists in the charge here because the application paragraph did not instruct the jury that the State must disprove his security officer defense beyond a reasonable doubt.

. **[3–5]** When sudden passion is raised by the evidence, its absence becomes an implied element of murder. *Bradley v. State,* 688 S.W.2d 847, 851 (Tex.Crim.App.1985). The charge must include every essential element of the offense. *Benson v. State,* 661 S.W.2d 708, 714–15 (Tex.Crim.App. 1982), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984). Therefore, to omit from the application paragraph of the charge the implied element of the absence of sudden passion is to omit an essential element of the offense, thereby authorizing conviction for behavior not constituting an offense; thus, reversible error. Here, because the statutory security officer defense is not an implied element of the offense, it was not necessary to negate it in the application paragraph. *Cf. Brotherton v. State,* 666 S.W.2d 126, 128 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd) (lack of self-defense not an element of murder). This

able mind could entertain, or was it supported by such testimony as was remotely calculated to destroy the State's case when considered in connection with the other testimony in the case, as well as the charge as a whole? Was the phase of the case simply an addition to the case as made by the State and consistent therewith, or was it in direct conflict with

State's theory? These are all important matters to be considered in passing upon the [degree of harm] in the omission or error.... *Almanza,* 686 S.W.2d at 173–174 (quoting *Davis v. State,* 28 Tex.Ct.App. 542, 13 S.W. 994, 995 (1890), *writ of error dism'd,* 139 U.S. 651, 11 S.Ct. 675, 35 L.Ed. 300 (1891)).

Court has determined that *Cobarrubio* is specifically concerned with the particular problem of absence of sudden passion as an element of murder. *Epley v. State,* 704 S.W.2d 502, 505 (Tex.App.—Dallas 1986, pet. ref'd). Even in a murder case, the application paragraph need not include an instruction negating other defensive theories, such as self-defense. *Id.* In appellant's case, the application paragraph need not negate the security officer defense.

■ Although the holding in *Cobarrubio* does not apply to the circumstances of appellant's case, appellant still may assert fundamental, egregious error under the previously discussed holding of *Almanza,* 686 S.W.2d at 171–74. After examining the entire charge and record in this case, we find no error. The jury is presumed to have followed the trial judge's instructions. *Rose,* 752 S.W.2d at 554. The application paragraph opens with the phrase, "bearing in mind the foregoing instructions." The foregoing instructions set forth the security officer defense. The jury is presumed to have read the application paragraph in light of appellant's defense; therefore, the jury was not led to convict appellant regardless of the defense.

Assuming, arguendo, that some error existed, it did not create such egregious harm that appellant has not had a fair and impartial trial. The record reveals that both appellant and the State elicited testimony pertinent to the security officer defense from three of the four witnesses. All closing arguments addressed the evidence and law concerning the defense. The charge instructed the jury to apply the law to the facts of appellant's case in light of the asserted security officer defense. We hold that fundamental error does not exist. Appellant's second point of error is overruled.

■ In his final point of error, appellant asserts that the complaint and information are invalid because neither negates the security officer "exception" of section 46.-03(a)(5). If section 46.03(a)(5) constitutes an exception to the offense of unlawfully carrying a weapon, then the State would have the burden of negating the existence of the exception in the charging instrument and proving beyond a reasonable doubt that the exception does not apply. *McElroy v. State,* 667 S.W.2d 856, 864 (Tex.App. —Dallas 1984), *aff'd,* 720 S.W.2d 490 (Tex. Crim.App.1986) (citing TEX.PENAL CODE ANN. § 2.02(b) (Vernon 1974)). Section 2.02(a) reads, "[a]n exception to an offense in this code is so labeled by the phrase: 'It is an exception to the application of....'" Section 46.03 opens with the phrase, "[t]he provisions of Section 46.02 of this code do not apply to a person...." Section 46.03 is not labeled as an exception, so it is not an exception. Section 2.03(e) of the penal code provides that "[a] ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense." Section 46.03(a)(5) stands, therefore, as a defense under section 2.03(e). Because it is a defense, and not an exception, the State must disprove it beyond a reasonable doubt, but the State is not required to negate its existence in the charging instrument. *McElroy,* 667 S.W.2d at 864. The appellant's third point of error is overruled.

The judgment of the trial court is affirmed.